1  Clyde DeWitt, Esq.
   California State Bar No. 117911
2  Joseph P. Wohrle, Of Counsel
   California State Bar No. 143550
3  Law Offices of Clyde DeWitt,
       A Professional Corporation
4  2800 28th Street, Suite 321
   Santa Monica, CA 90405-6201
5  (310) 392-2600
   Fax (310) 362-8667
6  clydedewitt@earthlink.net

7  Attorneys for Plaintiff, The Stockroom, Inc.

8

            UNITED STATES DISTRICT COURT
9
          FOR THE CENTRAL DISTRICT OF CALIFORNIA
10
                    SOUTHERN DIVISION
11

12 | THE STOCKROOM, INC., a California corporation, | Case Number **SACV08-01046 JVS (RNBx)**
13 |
14 |         Plaintiff,   | **ORIGINAL COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:**
15 | v.                   |
16 | XR, LLC, a California Limited Liability Company; ARI H. SUSS, individually; and Does 1-10, | 1. COPYRIGHT INFRINGEMENT;
   |                      | 2. VIOLATION OF LANHAM ACT, 15 U.S.C. § 1125;
17 |                      | 3. CONVERSION;
   |                      | 4. INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS;
18 |         Defendants.  | 5. VIOLATION OF Cal. Bus. & Prof. Code § 17200;
19 |                      | 6. ACCOUNTING
20

21     COMES NOW PLAINTIFF, STOCKROOM, INC., and upon knowledge as to its own
22  acts and upon information and belief as to the acts of others, alleges:

23

24          **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

25     A.   Parties.

26     Plaintiff

27     1.   Plaintiff Stockroom, Inc. ("Stockroom" or "Plaintiff") is a corporation,

28

organized and existing under the laws of the State of California and with its principal office in Los Angeles County, California.

**Defendants**

2. Defendant XR, LLC ("XR") is a limited liability company organized and existing under the laws of the State of California and with its principal office in Orange County, California.

3. Defendant ARI H. SUSS ("Suss") is an individual whose principal employment and business is in Orange County, California and who lives in an unknown location in this district. On information and belief, Suss is a member and/or beneficial owner of XR.

4. XR and Suss are sometimes collectively referred to herein as "Defendants".

5. Plaintiff is not informed of the true names and capacities of the Defendants sued herein by the fictitious names DOES 1-10, inclusive, and Plaintiff therefore sues those Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as alleged were caused by the acts and/or omissions of such Defendants and each of them.

**B. Jurisdiction and Venue.**

6. The previous allegations of this Complaint are incorporated by reference as if fully set forth here.

1. This court has jurisdiction over the claims herein under the Copyright Act of 1976 pursuant to 28 U.S.C. §§ 1331 (claims arising from the laws of the Untied States), 1338 (claims arising From the Copyright Act), and 15 U.S.C. § 1125 (Lanham Act).

2. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b) because Defendant XR resides in this district, Defendant Suss resides in California,

and because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this district.

3. Venue is proper in the Southern Division of this district because the majority of all claims arose there. Gen. Order 349(1)(A)(i)(c) (C.D. Cal., January 30, 1995).

**C. Facts.**

4. The previous allegations of this Complaint are incorporated by reference as if fully set forth here.

5. Plaintiff Stockroom and Defendant XR are competitors, each in the business of manufacturing and distribution of sexually oriented products and apparel. Plaintiff does business through a web site called "JT's Stockroom," www.stockroom.com. Defendants do business through a web site with the following uniform resource locator ("URL"): "www.eXtremeRestraints.com."

6. During 2000, Plaintiff at considerable expense developed a costly promotional package, including photographs and product descriptions. The photographs were taken on a work-for-hire basis by photographers who were highly respected as being very talented by those in the market for products offered by Plaintiff and by XR.

7. On April 22, 2002, Plaintiff duly filed the required registration with the Library of Congress for its copyright on this collection of photographs, upon which on December 5, 2002, the Registrar of Copyrights issued to Plaintiff Registration Number VA0001174450. That copyrighted work is hereafter referenced herein as "Plaintiff's Copyrighted Promotional Package."

8. Thereafter, Defendants stole Plaintiff's Copyrighted Promotional Package, which was easy to accomplish because it was available on Plaintiff's Web sites.

9. Defendants then, beginning after the above registration date, utilized Plaintiff's Copyrighted Promotional Package in promoting XR's products, which compete directly with Plaintiff's. By so doing, Defendants are using the photographs and product descriptions from

Plaintiff's Copyrighted Promotional Package, which depict and describe Plaintiff's products, to sell their own (*i.e.*, Defendants') products, and Defendants are thus representing Plaintiff's products as theirs.

10. More specifically, Defendants copied Plaintiff's Copyrighted Promotional Package and, without material modification, used it in XR's promotional activities, including copies of Plaintiff's Copyrighted Promotional Package on Web sites and in catalogs.

## FIRST CLAIM FOR RELIEF
## FOR COPYRIGHT INFRINGEMENT
### (17 U.S.C. §§ 501-05, Against All Defendants)

11. The previous allegations of this Complaint are incorporated by reference as if fully set forth here.

12. Defendants have infringed Plaintiff's copyrights as alleged above and continue to do so.

13. All of the Defendants' infringing acts were performed without the permission, license, or consent of Plaintiff, the owner of the copyright.

14. By reason of Defendants' acts of copyright infringement, as alleged above, Defendants are causing confusion in the marketplace as to the source and origin of the goods that Defendants offer for sale to the public. Plaintiff has thereby suffered and will continue to suffer substantial damage to its business in the form of diversion of trade, loss of profits, and a dilution of the value of rights, all in amounts which are not yet fully ascertainable.

15. Unless restrained and enjoined, Defendants' acts of copyright infringement as alleged above, will cause Plaintiff irreparable injury.

16. Defendants' acts of infringement of Plaintiff's copyrights each were committed willfully.

## SECOND CLAIM FOR RELIEF
## FOR VIOLATION OF LANHAM ACT
### (15 U.S.C. § 1125, Against All Defendants)

17. The previous allegations of this Complaint are incorporated by reference as if fully set forth here.

18. By stealing and copying Plaintiff's Copyrighted Promotional Package and, without material modification, using it in XR's promotional activities, including copies of Plaintiff's Copyrighted Promotional Package on Web sites and in catalogs, Defendants have made false statements of fact regarding their products.

19. Defendants' use of Plaintiff's Copyrighted Promotional Package in its advertisements has actually deceived and/or has a tendency to deceive a substantial segment of Defendants' audience. Specifically, by reason of Defendants' acts of copyright infringement, as alleged above, Defendants are causing confusion in the marketplace as to the source and origin of the goods that Defendants offer for sale to the public.

20. Further, on information and belief, Defendants have entered into an arrangement with Google. By this arrangement, people who use Google's search engine and utilize the search term "jt's stockroom" (the name of Plaintiff's website) are directed to a page of "hits" that under the heading, "Sponsored Links," lists Defendants' website, "www.eXtremeRestraints.com." Such conduct causes initial interest confusion among the public.

21. Each such deception is material, in that it is likely to influence the purchasing decisions of Defendants' customers.

22. Defendants have caused their falsely advertised goods to enter interstate commerce.

23. Plaintiff has been injured as a result of the foregoing, either by direct diversion of sales from it to Defendants, or by lessening of the goodwill that its products and name enjoy with the buying public.

24. By reason of Defendants' acts of false advertising as alleged above, Plaintiff has suffered and will continue to suffer substantial damage to its business in the form of diversion of trade, loss of profits, and a dilution of the value of rights, all in amounts which are not yet fully ascertainable.

25. Unless restrained and enjoined, Defendants' acts of false advertising as alleged above, will cause Plaintiff irreparable injury.

26. Defendants' acts of false advertising each were committed willfully.

## THIRD CLAIM FOR RELIEF
## FOR CONVERSION
### (Against All Defendants)

27. The previous allegations of this Complaint are incorporated by reference as if fully set forth here.

28. By virtue of the conduct alleged above, Defendants have appropriated Plaintiff's Copyrighted Promotional Package and taken the same from Plaintiff for Defendants' use and possession.

29. As a proximate result of Defendants' conversion of Plaintiff's Copyrighted Promotional Package, Plaintiff has suffered general and special damages in amounts to be proven at trial. As a further proximate result of Defendants' conversion, Plaintiff has expended time and effort in pursuit of the property converted, including without limitation incurring attorney's fees, for which Plaintiff seeks compensation herein.

30. The aforementioned conduct of Defendants was undertaken with the intent to deprive Plaintiff of funds or otherwise to cause it injury, and was despicable conduct that subjected Plaintiff to a cruel and unjust hardship in conscious disregard of its rights, so as to justify an award of exemplary and punitive damages.

31. Plaintiff has demanded that Defendants return Plaintiff's Copyrighted Promotional Package that it fraudulently obtained and converted from Plaintiff. Defendants have each failed and refused, and continue to fail and refuse, to return any part of such property.

## FOURTH CLAIM FOR RELIEF
## FOR INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS
### (Against All Defendants)

32. The previous allegations of this Complaint are incorporated by reference as if fully set forth here.

33. Until approximately August, 2008, Plaintiff and TSX Toys had a contractual relationship whereby TSX Toys would supply product to Plaintiff at agreed-upon rates and/or prices.

34. The contract between Plaintiff and TSX Toys was a valid contract between such parties.

35. Defendants knew of the existence of the contract.

36. Defendants interfered with the contract and took acts designed to disrupt the contractual relationship between Plaintiff and TSX Toys, including without limitation inducing TSX Toys not to supply product to Plaintiff.

37. The above-alleged actions in fact disrupted the contractual relationship between Plaintiff and TSX Toys in that as a result of Defendants' inducement as alleged, TSX Toys advised Plaintiff that it (TSX Toys) would no longer supply product to Plaintiff, and thereafter TSX Toys refused to supply product to Plaintiff, and continues to so refuse.

38. As a result of such disruption of the contractual relationship between Plaintiff and TSX Toys, Plaintiff has suffered general and special damages in amounts to be proven at trial.

39. The aforementioned conduct of Defendants was undertaken with the intent to deprive Plaintiff of funds or otherwise to cause it injury, and was despicable conduct that subjected Plaintiff to a cruel and unjust hardship in conscious disregard of its rights, so as to justify an award of exemplary and punitive damages.

## FIFTH CLAIM FOR RELIEF
## FOR VIOLATION OF CAL. BUS. & PROF. CODE § 17200
### (Against All Defendants)

40. The previous allegations of this Complaint are incorporated by reference as if fully set forth here.

41. Beginning at an exact date that is unknown to Plaintiff, Defendants have committed acts of unfair competition, as defined by CAL. BUS. & PROF. CODE § 17200, by engaging in the following practices:

   a. The acts alleged in this Complaint; and

   b. Acts in violation of consumer/antitrust law, including without limitation unfair acts within the meaning of the Federal Trade Commission Act, 15 U.S.C. Sec. 45 *et seq.*, or in violation of the spirit of such law or otherwise significantly threatening or harming competition.

42. The practices alleged in the immediately preceding paragraph therefore violate CAL. BUS. & PROF. CODE § 17200 in the following respects and consequently, constitute unlawful acts or practices under such statute. Such practices as alleged are each likely to mislead the general public, and each, therefore, constitute a fraudulent (as that term is defined at CAL. BUS. & PROF. CODE § 17200, i.e., involving a likelihood of public deception) act or practice under such statute.

43. Plaintiff is therefore entitled to an injunction to restrain and enjoin the above-alleged acts, pursuant to CAL. BUS. & PROF. CODE § 17203.

## SIXTH CLAIM FOR RELIEF
## FOR AN ACCOUNTING
### (Against All Defendants)

44. The previous allegations of this Complaint are incorporated by reference as if fully set forth here.

45. Because of the acts of Defendants alleged herein, Plaintiff is entitled to an accounting from each Defendant as to the income, expenses, profits, losses, and the like regarding Defendants' use of Plaintiff's Copyrighted Promotional Package and Defendants' sales of goods for less than their cost to Defendant.

46. Plaintiff thus requests such an accounting and related relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands:

**ON THE FIRST CLAIM FOR RELIEF**:

A. A temporary restraining order and preliminary injunction, restraining Defendants, each of them, their agents and servants from infringing Plaintiff's Copyrighted Promotional Package.

B. A temporary restraining order and preliminary injunction, restraining Defendants, each of them, their agents and servants from destroying or secreting any documents, evidence, equipment, promotional material, products or any other item relating to Plaintiff's Copyrighted Promotional Package.

C. An order pursuant to 17 U.S.C. § 503(a) impounding, on such terms as the Court may deem reasonable, all copies that have been made or used in violation of the any of Plaintiff's exclusive rights, and of all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies may be reproduced.

    D.    That Defendants and each of them, their agents, and servants, be required to account for all gains, profits, and advantages derived by Defendants by their infringement of Plaintiff's Copyrighted Promotional Package.

    E.    Damages in the amount of all gains, profits and advantages derived by Defendants by their infringement of Plaintiff's Copyrighted Promotional Package and all of each Plaintiff's lost profits arising therefrom.

    F.    Pursuant to Section 504(c)(1) of the Copyright Act of 1976, 17 U.S.C. § 504(c)(1), statutory damages in the maximum amount allowed by that section.

    G.    Pursuant to Section 504(c)(2) of the Copyright Act of 1976, 17 U.S.C. § 504(c)(2), a finding and declaration that the infringement was committed willfully, and statutory damages in the maximum amount allowed by that section, $150,000 times the number of infringements.

    H.    Reasonable attorneys' fees and costs pursuant to 17 U.S.C. §505 for violations of the Copyright Act.

**ON THE SECOND CLAIM FOR RELIEF**:

    A.    A temporary restraining order and preliminary injunction, restraining Defendants, each of them, their agents and servants from using Plaintiff's Copyrighted Promotional Package.

    B.    A temporary restraining order and preliminary injunction, restraining Defendants, each of them, their agents and servants from destroying or secreting any documents, evidence, equipment, promotional material, products or any other item relating to Plaintiff's Copyrighted Promotional Package.

    C.    General damages;

    D.    Special damages;

    E.    Statutory damages

    F.    Attorney's fees.

**ON THE THIRD AND FOURTH CLAIMS FOR RELIEF**:

    A.    General damages;

    B.    Special damages;

**ON THE FOURTH CLAIM FOR RELIEF**:

    A.    Punitive damages;

    B.    Attorney's fees expended in pursuit of the property converted.

**ON THE FIFTH CLAIM FOR RELIEF**:

    A.    Injunctive relief;

    B.    Restitution.

**ON THE SIXTH CLAIM FOR RELIEF**:

    A.    An accounting.

**ON ALL CLAIMS FOR RELIEF**:

    A.    All recoverable costs of court.

    B.    For any further relief consistent with proof and that the Court deems just and proper.

Dated: September 18, 2008

Respectfully Submitted,

CLYDE DeWITT
JOSEPH P. WOHRLE
LAW OFFICES OF CLYDE DeWITT, APC

By: _____
Clyde DeWitt

Counsel for Plaintiff, The Stockroom, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge James V. Selna and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

### SACV08- 1046 JVS (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [X] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Clyde DeWitt, Esq., SBN 117911
Joseph P. Wohrle, Of Counsel, SBN 143550
Law Offices of Clyde DeWitt, APC
2800 28th Street, Suite 321
Santa Monica, CA 90405-6201
(310) 392-2600, Fax: (310) 362-8667

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE STOCKROOM, INC., a California corporation,<br><br>PLAINTIFF(S)<br>v.<br>XR, LLC, a California Limited Liability Company; ARI H. SUSS, individually; and Does 1-10,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>SACV08-01046 JVS (RNBx)<br><br>SUMMONS |

TO:    DEFENDANT(S):  XR, LLC and ARI H. SUSS

   A lawsuit has been filed against you.

   Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Clyde DeWitt_____, whose address is _2800 28th Street, Suite 321, Santa Monica, CA 90405_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

   Clerk, U.S. District Court

   Dated: __SEP 19 2008__        By: _____
                                      Deputy Clerk
                                      (Seal of the Court)

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
THE STOCKROOM, INC., a California corporation,

**DEFENDANTS**
XR, LLC, a California Limited Liability Company; ARI H. SUSS, individually; and Does 1-10,

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Clyde DeWitt, Esq., Joseph P. Wohrle, Of Counsel, Law Offices of Clyde DeWitt, APC; 2800 28th Street, Suite 321, Santa Monica, CA 90405
(310) 392-2600, Fax: (310) 362-8667

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☐ No     ☐ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. § 1125 Violation of Lanham Act; 17 U.S.C. §§ 501-05 Copyright Infringement

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☒ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | | | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 443 Housing/Acco- mmodations | | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | ☐ 440 Other Civil Rights | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: **SACV08-01046 JVS (RNBx)**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)     CIVIL COVER SHEET     Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  [ ] Yes
If yes, list case number(s): _____

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☑ No  [ ] Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  [ ] A. Arise from the same or closely related transactions, happenings, or events; or
                              [ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or
                              [ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                              [ ] D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
[ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
[ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date 9/18/08

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)   CIVIL COVER SHEET   Page 2 of 2