UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 08-01046-JVS (RNBx) | Date | July 17, 2009 |
| Title | The Stockroom Inc. v. XR LLC et al. | | |

Present: The Honorable   James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) Order Granting Defendants' Motion for Partial Summary Judgment (Fld 6-22-09) and Granting Plaintiff's Request for Leave to Amend.

  The Court, having been informed by counsel for the parties in this action that they submit on the Court's tentative ruling previously issued, hereby *** the defendants' motion for partial summary judgment and rules in accordance with the tentative ruling as follows:

  Defendants XR, LLC and Ari H. Suss (collectively, "XR") move to dismiss Plaintiff The Stockroom, Inc.'s ("Stockroom") first cause of action in the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and move to dismiss the second, third and fifth causes of action pursuant to Rule 12(b)(6).[1] Stockroom partially opposes the motion, and in the alternative seeks leave to amend pursuant to Rule 15(a). As set forth below, the motion to dismiss is GRANTED and the request for leave to amend is GRANTED.

I. Legal Standards

  1. Rule 12(b)(1)

  Dismissal under Rule 12(b)(1) is proper when the plaintiff fails to properly plead subject matter jurisdiction in the complaint. Fed. R. Civ. P. 12(b)(1). The plaintiff always bears the burden of establishing subject matter jurisdiction. Kokkonen v.

---

[1] Although XR has filed its motion as a "Motion for Partial Summary Judgment," the Court treats this motion as a motion to dismiss pursuant to Rule 12(b)(6).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 08-01046-JVS (RNBx)                     Date   July 17, 2009

Title   The Stockroom Inc. v. XR LLC et al.

Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). If the challenge is based solely upon the allegations in the complaint, the court generally presumes the allegations in the complaint are true. Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003). If, instead, the challenge is based, at least in part, on extrinsic evidence, the court may weigh and decide disputed facts, and the burden of proof is on the plaintiff. White v. Lee, 277 F.3d 1214, 1242 (9th Cir. 2000).

    B.    Rule 12(b)(6)

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1940 (2009).

In resolving a 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept all well-plead factual allegations as true, but "[t]hread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949. Nor must the Court "accept as true a legal conclusion couched as a factual allegation." Id. at 1950 (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

II.    Discussion

    A.    Copyright Infringement

Stockroom's first cause of action is for copyright infringement. (Docket No. 1, Compl. ¶¶ 11-16.)

XR contends that paragraphs 6, 9, and 12 of Stockroom's Complaint contain allegations that XR infringed a "'Copyrighted Promotional Package,' that included both

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 08-01046-JVS (RNBx) | Date | July 17, 2009 |
| Title | The Stockroom Inc. v. XR LLC et al. | | |

photographs and product descriptions." (Mot. Br. 4.) XR maintains that Stockroom's "2002 Copyright does not include text images, or anything other than photographs taken by Steve Diet Goedde in 2000." (Id., Ex. A.) Relying on I.M.S. Inquiry Management Systems, Ltd. v. Berkshire Information Systems, Inc. ("I.M.S."), 307 Fed. Supp. 2d 521 (S.D.N.Y. 2004), XR asserts that because Stockroom did not complete sections 6(a) or 6(b) of the Copyright Application which are required to copyright a derivative work or compilation, "this Court lacks jurisdiction to hear, and [Stockroom] has failed to state a cause of action for the infringement of anything other than photographs taken by Steve Diet Goedde in 2000." (Mot. Br. 5-7, Ex. A, p. 2.)

Stockroom counters that I.M.S. is inapposite because the work at issue there was published after the alleged infringement commenced, while here "the alleged infringement commenced in 2002 [but] the photographs at issue were published in 2000." (Opp'n Br. 2.)

To the extent that I.M.S. stands for the proposition that a court does not have subject matter jurisdiction to hear a copyright infringement claim on matters that are not covered by the registration certificate, the Court finds that Stockroom's distinction is without merit. See I.M.S., 307 F. Supp.2d at 529-30.

In I.M.S., Defendant Berkshire moved to dismiss Plaintiff I.M.S.'s copyright infringement claim on the grounds that I.M.S. failed to state a claim upon which relief may be granted and because the court lacked subject matter jurisdiction. 307 F. Supp.2d at 524. I.M.S. operated a web-based service known as "e-Basket" which was used by I.M.S.'s clients to track magazine advertising and available exclusively to I.M.S.'s clients. Id. at 523. I.M.S. also alleged that the e-Basket service contained copyrightable subject matter.[2] Id. I.M.S. alleged that Berkshire intentionally and without authorization accessed I.M.S.'s e-Basket in or around March of 2002 and subsequently launched

---

[2] These copyrightable elements allegedly included the selection and arrangement of informational category headings and market data compiled by I.M.S. I.M.S., 307 F. Supp.2d at 523.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 08-01046-JVS (RNBx) | Date | July 17, 2009 |
| Title | The Stockroom Inc. v. XR LLC et al. | | |

Marketshareinfo.com, a competing tracking service that allegedly incorporated original copyrightable elements of e-Basket.³ Id.

The court began with the premise that the registration requirement under 17 U.S.C. § 411(a) and Second Circuit precedent require registration in order to bring a copyright infringement cause of action, stating "a lack of registration bars an infringement claim." Id. at 526. The court then noted that the effective date of registration of plaintiff's work was March 7, 2003, but the date of Berkshire's alleged infringement occurred in or around March of 2002. Id. at 527. Since I.M.S.'s registration certificate did not cover the content and matter that was allegedly infringed in March of 2002, the court held that it did not have subject matter jurisdiction and therefore dismissed I.M.S.'s copyright infringement claim. Id. at 529-30.

Although I.M.S. is not binding precedent, the Court finds that its premise with respect to the registration requirement is consistent with cases in the Ninth Circuit that have interpreted 17 U.S.C. § 411(a).⁴

17 U.S.C. § 411(a) provides in relevant part:

(a) Except for an action brought for a violation of the rights of the author under section 106A(a), and subject to the provisions of subsection (b), no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title.

17 U.S.C.A. § 411(a).

In this Circuit, courts have held that "Copyright registration is not a prerequisite to a valid copyright, but it is a prerequisite to a suit based on a copyright." Kodadek v. MTV Networks, Inc., 152 F.3d 1209, 1211 (9th Cir 1998); S.O.S., Inc. v. Payday, Inc., 886 F.2d 1081, 1085 (9th Cir.1989); Hagendorf v. Brown, 699 F.2d 478, 480 (9th Cir.

---

³ I.M.S. alleged that Berkshire gained a user identification and password issued to a third party. Id.

⁴ Stockroom has not provided this Court with any controlling authority on the issue of registration. (See Opp'n Br. 2-4.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 08-01046-JVS (RNBx) | Date | July 17, 2009 |
| Title | The Stockroom Inc. v. XR LLC et al. | | |

1983); Jefferson Airplane v. Berkeley Sys., Inc., 886 F. Supp. 713, 714-15 (N.D. Cal. 1994). Moreover, registration is a jurisdictional requirement. See Jefferson Airplane, 886 F. Supp. at 715; Dielsi v. Falk, 916 F. Supp. 985, 995 (C.D. Cal. 1996).

Stockroom alleges that in 2000, Stockroom developed a promotional package which included "photographs and product descriptions." (Docket No. 1, Compl. ¶ 6.).[5] Stockroom further alleges that "On April 22, 2002, Plaintiff duly filed the required registration with the Library of Congress for its copyright on this collection of photographs" and on "December 2, 2002, the Registrar of Copyrights issued to Plaintiff Registration Number VA0001174450." (Docket No. 1, Compl. ¶ 7.)

Stockroom maintains that after the registration date, XR used the photographs and product descriptions from Stockroom's Copyrighted Promotional Package, which depict and describe Stockroom's products, so that XR could sell Stockroom's products as though they were XR's products. (Docket No. 1, Compl. ¶¶ 8-9.)

However, XR points out that the certificate of registration only includes the photographs taken by Steve Diet Goedde. (Mot. Br. 3.) Pursuant to Federal Rule of Evidence 201, XR requests that the Court take Judicial Notice of the documents on file in this matter, specifically, the Report on the Filing or Determination of an Action or Appeal regarding a Copyright. (Mot. Br. 3, Ex. A; Docket No. 4.) The Court notes that the certificate of registry only references photographs taken by Steve Diet Goedde and does not include a derivative work or compilation. (Mot. Br. 3, Ex. A.)

The Plaintiff presents no evidence to contradict XR's evidence as to the contents of the registration and therefore, the Court finds that Stockroom has not met its burden.[6] White, 277 F.3d at 1242.

Accordingly, the Court finds that it does not have jurisdiction to hear the first claim of relief to the extent that the claim alleges copyright infringement of unregistered text images or the infringement of images other than the registered photographs taken by

---

[5] Stockroom's copyright infringement claim incorporates these allegations by reference. (Docket No. 1, Compl. ¶¶ 11, 14.)

[6] Stockroom does not appear to dispute XR's claims regarding the registration requirement. (See Opp'n Br. 2-3.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 08-01046-JVS (RNBx)                                      Date   July 17, 2009

Title   The Stockroom Inc. v. XR LLC et al.

Steven Diet Goedde.

     Therefore, the Court dismisses Stockroom's first claim to the extent it includes anything other than the registered copyright of photographs taken by Steve Diet Goedde.

     In its Opposition, Stockroom requests leave to amend in order to cure any deficiencies if the Court is inclined to grant Defendants' motion.  (Opp'n Br 2.)  Stockroom cites authority for the proposition that the failure to allege registration of a copyright may be cured by filing an amended complaint, relating back to commencement of action, which includes recitation that the registration requirement has been satisfied.  Conan Properties, Inc. v. Mattel, Inc., 601 F. Supp. 1179 (S.D.N.Y. 1984); Charron v. Meaux, 60 F.R.D. 619, 624 (S.D.N.Y. 1973).

     The Court is persuaded that leave to amend may be appropriate to cure the failure to allege registration of a copyright and grants leave to amend as discussed below.[7]

     B.    Violation of the Lanham Act

     Stockroom's second cause of action alleges "reverse passing off" pursuant to 15 U.S.C. § 1125(a).[8]  (Docket No. 1, Compl. ¶¶ 17-26.)

     XR contends that Stockroom has alleged violations of the Lanham Act based on two categories of acts.  (Mot. Br. 7.)  XR clarifies it does not challenge Stockroom's ability to pursue a Lanham Act claim for Google Keyword advertising; rather, XR challenges Stockroom's ability to bring a Lanham Act claim only "as it pertains to alleged copyright infringements."  (Id.)  XR contends that the "Lanham Act claim arises

---

[7] Courts have held that as a matter of efficiency, "a failure to allege registration can be cured if the plaintiff registers the copyright and files an amended complaint including an allegation that the copyrighted work is registered."  Zito v. Steeplechase Films, Inc., 267 F. Supp. 2d 1022, 1025 (N.D. Cal. 2003); see also M.G.B. Homes, Inc. v. Ameron Homes, Inc., 903 F.2d 1486, 1489 (11th Cir. 1990); Frankel v. Stein and Day, Inc., 470 F. Supp. 209, 212 n.2 (S.D.N.Y. 1979).

[8] It appears from the Complaint that the gravamen of the claim is "reverse passing off" under § 1125(a) and the Opposition supports this view.  (See Docket No. 1, Compl.¶¶ 8-9, 17.; Opp'n Br. 4.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 08-01046-JVS (RNBx) | Date | July 17, 2009 |
| Title | The Stockroom Inc. v. XR LLC et al. | | |

solely out of the same conduct constituting Defendants' alleged copyright infringement" and thus "any remedy to which Plaintiff may be entitled lies under the Copyright Act." (Reply Br. 4.)

The Court finds ambiguity in whether the product implicated in the second cause of action is limited only to the sexually oriented products and apparel or whether it also includes the Copyrighted Promotional Package. (See Docket No. 1, Compl. ¶¶ 17-26.) Since XR is moving to dismiss the second claim only insofar as it alleges a Lanham Act violation for the false designation of origin of the Copyrighted Promotional Package (Mot. Br. 7), the Court rules on the motion to dismiss only to that extent.

Section 1125(a) prohibits the use of false designations of origin and false representations in the advertising and sale of goods and services. Corbis Corp. v. Amazon.com, Inc., 351 F. Supp.2d 1090, 1116 (W.D. Wash. 2004); see also Smith v. Montoro, 648 F.2d 602, 603 (9th Cir.1981). 5 U.S.C. § 1125(a) provides, in pertinent part, that:

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which--
>
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person . . .
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a).

In its Opposition, Stockroom maintains that its Complaint sufficiently alleges a cause of action for a violation of the Lanham Act in the form of "reverse passing off" that is "qualitatively different from a copyright infringement [claim] and, therefore, [its claim] is not preempted." (Opp'n Br. 4.) Stockroom additionally contends that the cases cited

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 08-01046-JVS (RNBx)                Date   July 17, 2009

Title       The Stockroom Inc. v. XR LLC et al.

by XR are distinguishable from this case because "in each of those cases, the [reverse] passing-off involved communicative products" whereas here, it does not. (Id. at 5.) The Court examines in turn whether the product at issue in this motion is communicative and whether the reverse passing off claim is preempted.

      1.      Communicative Product

A communicative product "is one that is valued not primarily for its physical qualities, such as a hammer, but for the intellectual content that it conveys, such as a book or . . . a video." Dastar Corp. v. Twentieth Century Fox Film Corp., 539 U.S. 23, 33 (2003).

Stockroom maintains that the product at issue here is not communicative because the value of the photographs and descriptions of the Copyrighted Promotional Materials "does not lie primarily in the intellectual content they convey, as in a communicative product, but in their effectiveness as tools to sell the products they describe." (Opp'n Br. 5.)

The Court finds Stockroom's characterization unpersuasive. It is difficult to see any value in the photograph and descriptions "as tools to sell the products that they describe" if not for the ability to communicate an expression or an idea, i.e., its intellectual content. (Id.)

Accordingly, the Court finds that the photographs and descriptions referenced in Stockroom's Complaint as the Copyrighted Promotional Package is a communicative product.

      2.      Reverse Passing Off/Preemption

Among the activities proscribed under the Lanham Act is "reverse passing off." Corbis, 351 F. Supp.2d at 1116. Reverse passing off occurs when someone markets a product as her own, even though someone else created the product. Id.

In reverse passing off cases, the Ninth Circuit has expressly indicated a reluctance to allow overlap between the Copyright Act and Lanham Act. See id.; see also Shaw, 919 F.2d at 1364-65 ("We decline to expand the scope of the Lanham Act to cover cases

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 08-01046-JVS (RNBx) | Date | July 17, 2009 |
| Title | The Stockroom Inc. v. XR LLC et al. | | |

in which the Federal Copyright Act provides an adequate remedy"). Moreover, the Supreme Court in Dastar, confirms an interest in upholding a distinction between Lanham Act and Copyright claims in reverse passing off cases. See 539 U.S. at 34 ("in construing the Lanham Act, we have been 'careful to caution against misuse or over-extension' of trademark and related protections into areas traditionally occupied by patent or copyright"). Indeed, "§ 43(a)(1)(A)'s [Amended as 1125(a)] prohibition on false claims of origin cannot be extended to false claims of the creation of inventive or communicative works [and therefore] 'reverse passing off' claims brought under Lanham Act § 43(a)(1)(A) cannot focus on allegedly false claims of authorship, invention or creation." Contractual Obligation Productions, LLC v. AMC Networks, Inc., 546 F. Supp.2d 120, 131 (S.D.N.Y. 2008)(quoting 5 J. Thomas McCarthy, McCarthy on Trademarks & Unfair Competition § 2777.1 (4th ed. 2007)).

Since courts have been reluctant to allow an overlap between claims involving the Lanham Act and copyright law, they have dismissed Lanham Act claims where copyright law provided an adequate remedy. See Dastar, 539 U.S. at 34; see also Shaw, 919 F.2d at 1364-65; Corbis, 351 F. Supp.2d at 1116. The subject matter of copyright is set forth in 17 U.S.C. § 102(a). It states in pertinent part:

> Copyright protection subsists, in accordance with this title, in original works of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device. Works of authorship include the following categories: (5) pictorial, graphic, and sculptural works . . .

See 17 U.S.C. § 102.

As it pertains to the Copyrighted Promotional Packet, the Court fails to see, and Stockroom does not make clear in its Opposition, what is qualitatively different about the Lanham Act claim. (See Opp'n Br. 4-5.) Indeed, the Copyright Act provides that an owner of a copyright in a photograph has the exclusive rights to reproduce, distribute copies of, and display that photograph. See 17 U.S.C. §§ 102(a)(5), 106(1), (3), & (5).

To the extent that Stockroom is seeking protection from XR's using Stockroom's Copyrighted Promotional Package in XR's promotional activities, the Court finds that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 08-01046-JVS (RNBx) | Date | July 17, 2009 |
| Title | The Stockroom Inc. v. XR LLC et al. | | |

Copyright Act expressly provides protection for such alleged wrongdoing. See 17 U.S.C. §§ 102(a)(5), 106 & 501; Corbis, 351 F. Supp.2d at 1116.

Accordingly, the Court finds that to the extent that Stockroom's second cause of action alleges the reverse passing off of the Copyrighted Promotional Package, that claim is sufficiently covered by the Copyright Act and thus the Court to that extent dismisses Stockroom's second cause of action.

C.   Conversion

Stockroom's third cause of action alleges conversion. (Docket No. 1, Compl. ¶¶ 27-31.)

XR contends that Stockroom's claim for conversion is preempted by the Copyright Act because Stockroom's Complaint "does nothing to extract or separate its conversion claim from its copyright claim." (Mot. Br. 9-10.) Stockroom does not oppose XR's motion to dismiss as to this claim. (See Opp'n Br. 1-6.)

17 U.S.C. § 301(a) provides in relevant part:

[A]ll legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright ... and come within the subject matter of copyright ... whether created before or after that date, and whether unpublished, are governed exclusively by this title.... [N]o person is entitled to any such right or equivalent right in any work under the common law or statutes of any state.

17 U.S.C. § 301.

To make a finding of preemption, the Ninth Circuit requires that the rights that a plaintiff asserts under state law be 'rights that are equivalent' to those covered by the Copyright Act and that the work involved falls within the 'subject matter' of the Copyright Act as specified in 17 U.S.C. §§ 102 and 103. Downing v. Abercrombie & Fitch, 265 F.3d 994, 1003 (9th Cir. 2001); Kodadek, 152 F.3d at 1212; Ryan v. Editions Ltd. W., Inc., 2008 WL 4239116 at *3 (N.D. Cal. 2008); Aagard v. Palomar Builders, Inc., 344 F. Supp.2d 1211, 1215 (E.D. Cal. 2004). The Court considers each prong in turn.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 08-01046-JVS (RNBx) | Date | July 17, 2009 |
| Title | The Stockroom Inc. v. XR LLC et al. | | |

    1.    <u>Equivalency of Rights</u>

"'In order not to be equivalent, the right under state law must have an 'extra element' that 'changes the nature of the action so that it is qualitatively different from a copyright infringement claim." <u>Ryan</u>, 2008 WL 4239116 at *3 (citing <u>Goldberg v. Cameron</u>, 482 F. Supp.2d at 1151)(internal citation omitted)); see also <u>Summit Mach. Tool Mfg. Corp. v. Victor CNC Systems, Inc.</u>, 7 F.3d 1434, 1439-40 (9th Cir. 1993)(finding that preemption law requires analysis of each theory of unfair competition to determine whether it contains the necessary qualitatively different extra element distinguishing it from copyright protection).

Conversion claims are generally preempted. <u>Zito</u>, 267 F. Supp.2d at 1027 (N.D. Cal. 2003); <u>see also Firoozye v. Earthlink Network</u>, 153 F. Supp.2d 1115, 1130 (N.D. Cal. 2001). "A conversion claim arising from the unauthorized reproduction and distribution of a copyrighted work only interferes with the plaintiff's intangible property right and is equivalent to a claim for copyright infringement." <u>Zito</u>, 267 F. Supp.2d at 1027. Where a plaintiff's state law claim for conversion is based on the same facts as a copyright infringement claim, the plaintiff's state tort allegations do not implicate any facts or rights in addition to plaintiff's copyrights, and thus the conversion claim is preempted. <u>Zito</u>, 267 F. Supp.2d at 1027.

Stockroom's claim for conversion is based on the same facts as the copyrighting infringement claim. (Docket No. 1, Compl. ¶¶ 28-31.) Moreover, Stockroom does not offer any argument as to the extra element in the Complaint that makes the allegations under the conversion claim qualitatively different from the copyright claim.

Accordingly, the Court finds that the first prong under preemption is satisfied.

    2.    <u>Subject Matter of the Copyright Act</u>

As for the second prong, the Court must determine whether Stockroom's work falls within the subject matter of copyright. <u>Ryan</u>, 2008 WL 4239116, at * 4. The Court finds that the work at issue is Stockroom's "Copyrighted Promotional Package," and that the conversion claim rests entirely on this work. (Docket No. 1, Compl. ¶¶ 28-31.) Since the work falls within the subject matter of copyright, the Court finds that the second preemption prong is satisfied.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 08-01046-JVS (RNBx) | Date | July 17, 2009 |
| Title | The Stockroom Inc. v. XR LLC et al. | | |

Since both preemption prongs have been met, the Court finds that the claim for conversion is preempted by the Copyright Act. Accordingly, the Court dismisses Stockroom's third cause of action.

D.   UCL

Stockroom's fifth claim alleges unfair competition in violation of California Business & Professions Code section 17200. (Docket No. 1, Compl. ¶¶ 40-43.) Stockroom's Complaint alleges:

> Beginning at an exact date that is unknown to Plaintiff, Defendants have committed acts of unfair competition, as defined by California Business & Professions Code § 17200 by engaging in the following practices:
>
> a.   the Acts alleged in this Complaint; and
> b.   Acts in violation of consumer/antitrust law, including without limitation unfair acts within the meaning of the Federal Trade Commission Act, 15 U.S.C. Sec. 45 et seq., or in violation of the spirit of such law or otherwise significantly threatening or harming competition.

(Docket No. 1, Compl. ¶ 41.)

The Complaint further alleges that:

> The practices alleged in the immediately preceding paragraph therefore violate California Business & Professions Code § 17200 in the following respects and consequently constitute unlawful acts or practices under such statute. Such practices as alleged are each likely to mislead the general public, and each, therefore, constitute a fraudulent (as that term is defined at California Business & Professions Code § 17200, i.e., involving a likelihood of public deception) act or practice under such statute.

(Docket No. 1, Compl. ¶ 42.)

XR maintains that because Stockroom incorporates, by reference, the allegations

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 08-01046-JVS (RNBx) | Date | July 17, 2009 |
| Title | The Stockroom Inc. v. XR LLC et al. | | |

concerning copyright infringement (Docket No. 1, Compl. ¶¶ 40, 41(a)), Stockroom's claim for unfair competition under section 17200 is preempted by the Copyright Act. (Mot. Br. 11.)

In its Opposition, Stockroom contends that the allegations in paragraph 41 regarding the "violations of the Federal Trade Commission Act are qualitatively different than the acts alleged in violation of Copyright Law [and thus] Plaintiff's statutory unfair competition claim is not preempted." (Opp'n Br. 6.)

For the reasons set forth below, the Court finds that the UCL claim is preempted by the Copyright Act.

California Business & Professions Code section 17200 states in relevant part that "unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. "Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction." Cal. Bus. & Prof. Code § 17203. However, "[t]he Copyright Act expressly preempts 'all legal and equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright." Ryan, 2008 WL 4239116, at *3-4 (citing Goldberg, 482 F. Supp.2d at 1151).

To make a finding of preemption, the Ninth Circuit requires that the rights that a plaintiff asserts under state law be 'rights that are equivalent' to those covered by the Copyright Act and that the work involved falls within the 'subject matter' of the Copyright Act as specified in 17 U.S.C. §§ 102 and 103. Downing, 265 F.3d at 1003; Kodadek, 152 F.3d at 1212; Ryan, 2008 WL 4239116 at *3; Aagard, 344 F. Supp.2d at 1215. The Court considers each prong in turn below.

   1. <u>Equivalency of Rights</u>

"'In order not to be equivalent, the right under state law must have an 'extra element' that 'changes the nature of the action so that it is qualitatively different from a copyright infringement claim." Ryan, 2008 WL 4239116 at *3 (citing Goldberg, 482 F. Supp.2d at 1151)(internal citation omitted)); see also Summit, 7 F.3d at 1439-40.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 08-01046-JVS (RNBx) | Date | July 17, 2009 |
| Title | The Stockroom Inc. v. XR LLC et al. | | |

Here, Stockroom has not offered any argument or pointed to the extra element in the Complaint to support the contention that the allegations under the UCL claim are qualitatively different than those of the copyright claim. Nor has Stockroom provided the Court with any case law to support the proposition that allegations that reference 15 U.S.C. § 45 provide the extra element to make the UCL claim qualitatively different.

Moreover, even if an extra element could be found in the Complaint, "state law claims which rely upon reverse palming off of communicative products also conflict with-and are, therefore, preempted by-federal copyright law." Aagard, 344 F. Supp.2d at 1218; Williams v. UMG Recordings, 281 F. Supp.2d 1177, 1183-86 (C.D. Cal. 2003). Although the Supreme Court's ruling in Dastar applied only to communicative products and a narrow exception remains in this Circuit, which continues to permit claims for reverse palming off of tangible products pursuant to the Lanham Act, the exception in inapplicable here. Aagard, 344 F. Supp.2d at 1218; Williams, 281 F. Supp.2d at 1183-86.

Courts in this Circuit have held that claims asserted pursuant to California unfair competition laws are "substantially congruent" to claims filed under the Lanham Act. Aagard, 344 F. Supp.2d at 1218; see also Cleary v. News Corp., 30 F.3d 1255, 1262-63 (9th Cir.1994)(noting that the test for both is whether the public is likely to be deceived or confused). To the extent that the Court has already found that Stockroom's Lanham Act claim was a reverse passing off of a communicative product, the exception does not apply.[9]

Accordingly, the Court finds that the first prong under preemption is satisfied.

### 2. Subject Matter of the Copyright Act

Upon reviewing the Complaint, the Court finds that this case does not present discrete claims, unrelated to one another. Rather, each claim arises from the allegation that Stockroom's Copyrighted Promotional Package was improperly used in XR's

---

[9] The exception is limited: "where a [claimant] is only seeking damages from a [. . .] defendant's reproduction of a work-and not the actual return of a physical piece of property-the claim is [still] preempted." Aagard, 344 F. Supp.2d at 1218; Firoozye, 153 F. Supp.2d at 1130.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 08-01046-JVS (RNBx) | Date | July 17, 2009 |
| Title | The Stockroom Inc. v. XR LLC et al. | | |

business dealings.  (See Docket No. 1, Compl. ¶¶ 6-10, 12-16, 18-19; 28-31, 40-41.)

Therefore, the Court finds that Stockroom's work falls within the subject matter of copyright and thus finds that the second preemption prong is satisfied.  Ryan, 2008 WL 4239116, at * 4.  As both preemption prongs have been met, the Court finds that the claim for unfair competition is preempted by the Copyright Act.

Accordingly, the Court dismisses Stockroom's fifth cause of action.

In its Opposition, Stockroom requests leave to amend in order to cure any deficiencies if the Court is inclined to grant Defendants' motion.  (Opp'n Br 2.)

Citing Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999), XR maintains that "once the district court has filed a pretrial scheduling order pursuant to Rule 16 which establishes a timetable for amending pleadings, a motion seeking to amend pleadings is governed first by Rule 16(b), and only secondarily by Rule 15(a)."  XR further contends that this Court "has no basis to modify the scheduling order to allow Plaintiff leave to amend the Complaint, as Plaintiff has failed to provide any competent evidence that demonstrates good cause to explain why its request for leave to amend its complaint was not sought earlier."  (Reply Br. 12.)

XR does not cite any authority to support the contention that Rule 16(b), and not 15(a), applies when leave to amend is sought in opposition to a motion to dismiss.  Thus, the Court finds that the issue here is whether the motion to dismiss should be granted with or without prejudice.  That is a question governed not by rule 16(b), but by examining futility under 15(a).  Moreover, the Ninth Circuit has held that dismissal without leave to amend on a Rule 12(b)(6) motion should be granted only in "extraordinary" circumstances.  Broam v. Bogan, 320 F.3d 1023, 1028 (9th Cir. 2003).

Rule 15(a) provides that leave to amend "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  In the absence of an "apparent reason," such as undue delay, bad faith, dilatory motive, prejudice to defendants, futility of the amendments, or repeated failure to cure deficiencies in the Complaint by prior amendment, it is an abuse of discretion for a district court to refuse to grant leave to amend a complaint.  Foman v. Davis, 371 U.S. 178, 182 (1962); Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 08-01046-JVS (RNBx) | Date | July 17, 2009 |
|---|---|---|---|
| Title | The Stockroom Inc. v. XR LLC et al. | | |

A court may refuse to grant leave to amend if a claim is futile or legally insufficient. Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988). A claim may only be deemed futile "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim." Id.

The Court finds that granting leave to amend would not be futile because allowing the amended complaint to include the registration of the Copyright TX6881605 would allow Stockroom to prove a set of facts that would constitute a valid and sufficient claim. Moreover, the Court does not find that granting leave to amend would prejudice XR. Accordingly, the Court Grants Stockroom leave to amend its complaint to include the registration of Copyright TX6881605.

Moreover, the result would not be different if this Court were to analyze this under 16(b).

Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). A motion for leave to amend made after the entry of a Rule 16 Scheduling Order is governed primarily by Rule 16(b). Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608-09 (9th Cir. 1992). The "good cause" standard primarily considers the diligence of the party seeking the amendment. Id. The focus of the inquiry is upon the moving party's reasons for seeking modification. Id. Good cause can be found where the non-moving party is already on notice of the moving party's reasons for modifying the scheduling order. Sousa v. Unilab Corp. Class II (Non-Exempt) Members Group Benefit Plan, 252 F. Supp. 2d 1046, 1059 (E.D. Cal. 2002)(finding good cause and modifying scheduling order to include Defendant's statute of limitations defense where the Plaintiff was aware of the existence of the defense). If good cause is shown, the party must then demonstrate that amendment was proper under Rule 15. Johnson, 975 F.2d at 609; Fed. R. Civ. P. 15, 16(b).

The Court finds that there would be good cause to modify the scheduling order because Stockroom diligently moved to amend the Complaint immediately upon responding to XR's motion to dismiss, namely, in Stockroom's opposition to the motion to dismiss. (Opp'n Br. 2.) Moreover, XR notes "On August 21, 2008, Plaintiff acquired a subsequent registration, TX6881605, prior to the filing of its Complaint." (Mot. Br. 3, n. 1.) Thus, XR would be on notice of Stockroom's reason for seeking modification of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 08-01046-JVS (RNBx) | Date | July 17, 2009 |
| Title | The Stockroom Inc. v. XR LLC et al. | | |

the order. Sousa, 252 F. Supp. 2d at 1059. Additionally, the facts of this case are distinguishable from Johnson, where defendants constantly reminded plaintiffs of the critical issue before the motion cut-off. See Johnson, 975 F.2d at 609-10.[10]

Accordingly, as the Court has already found that an amendment would be be proper under Rule 15, the Court grants Stockroom leave to amend.[11]

III.   Conclusion

For the foregoing reasons, the Court GRANTS XR's motion to dismiss the first, second, third, and fifth claims of Stockroom's Complaint, as set forth above. Further, the Court GRANTS Stockroom leave to amend pursuant to Rule 15(a) at this time. IT IS SO ORDERED.

| | | | |
|---|---|---|---|
| | | 0 | : 00 |
| Initials of Preparer | kjt | | |

---

[10] The Court also finds significant that unlike the plaintiff in Johnson, Stockroom moves to amend in response to a motion to dismiss. See 975 F.2d at 607-08.

[11] The Court also notes that a "trial court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order . . . will not be disturbed unless they evidence a clear abuse of discretion." Johnson, 975 F.2d at 607 (citing Miller v. Safeco Title Ins. Co., 758 F.2d 364, 369 (9th Cir. 1985)).